UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BERNARD HARDRICK,

               Plaintiff,

v.

UNKNOWN HILL et al.,

               Defendants.

_____/

Case No. 2:25-cv-311

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff originally filed this complaint[1] (ECF No. 1) in the United States District Court for the Eastern District of Wisconsin, where Plaintiff also filed an application to proceed *in forma pauperis*, (ECF No. 2). On November 5, 2025, the Eastern District of Wisconsin granted Plaintiff's application to proceed *in forma pauperis* and directed Plaintiff to pay an initial partial filing fee. (E.D. Wis. Order, ECF No. 5). Then, on December 22, 2025, the Eastern District of Wisconsin entered an order transferring this case to this Court where venue is proper. (E.D. Wis. Order, ECF No. 11.) As explained below, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court, therefore, will vacate the Eastern District of Wisconsin's November 5, 2025 order (ECF No. 5), which had granted Plaintiff leave to proceed *in forma pauperis* and directed

---

[1] On February 20, 2026, Plaintiff filed a motion for leave to file a supplemental complaint, and he attached the proposed supplemental complaint to his motion. (Mot. File Suppl. Compl., ECF No. 15; Proposed Suppl. Compl., ECF No. 15-1.) The Court will grant Plaintiff's motion for leave to file a supplemental complaint and accept the supplemental complaint as filed. Therefore, Plaintiff's complaint in this action consists of his original complaint (ECF No. 1) and the supplemental complaint (ECF No. 15-1).

Plaintiff to pay an initial partial filing fee, and will deny Plaintiff's application to proceed *in forma pauperis*, (ECF No. 2). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner

---

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted in forma pauperis status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See* Op. & J., *Hardrick v. Kemp*, No. 2:24-cv-220, 2025 (W.D. Mich. Apr. 2, 2025), (ECF Nos. 9, 10); Apr. 5, 2025, R & R adopted by Order & J., *Hardrick v. Beeler*, No. 2:24-cv-40 (W.D. Mich. Aug. 22, 2024), (ECF Nos. 6, 7, 8); Op. & J., *Hardrick v. Mohrman*, No. 2:20-cv-257, (W.D. Mich. Jan. 22, 2021), (ECF Nos. 5, 6). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996. And, all of the dismissals constitute "strikes" under the standard articulated by the Sixth Circuit in *Crump v. Blue*, 121 F.4th

3

1108 (6th Cir. 2024). *See also Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007). In addition, the Court has previously denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule on at least one occasion. *See* Op., Order, & J., *Hardrick v. Mich. Dep't Corr.*, No. 2:25-cv-301 (W.D. Mich. May 29, 2025), (ECF No. 12, 13, 14.)

In this action, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). Plaintiff does not allege facts showing that he is in imminent danger of serious physical injury. Instead, Plaintiff's complaint alleges that his First Amendment right to receive mail was violated by Defendants when they confiscated Plaintiff's legal mail, and Plaintiff alleges that his Fourteenth Amendment right to due process was violated when Defendants disposed of Plaintiff's rejected mail without a remedy. (*See* Compl., ECF No. 1, PageID.3; Suppl. Compl. ECF No. 15-1, PageID.101.) Plaintiff also raises a claim under the Sixth Amendment regarding his right to receive and send mail protected by attorney-client privilege, a state tort claim alleging that Defendants' handling of Plaintiff's legal mail constitutes misconduct in office, and a claim alleging Defendants' confiscation of Plaintiff's legal mail constitutes criminal common law conversion. (*See* Suppl. Compl., ECF No. 15-1, PageID.102–103.) These allegations do not suffice to show that Plaintiff is in imminent danger of serious physical injury.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the

4

new action. The Court will deny Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 16) and motion for immediate consideration (ECF No. 17) as moot.

## Conclusion

For the foregoing reasons, the Court will vacate the Eastern District of Wisconsin's order granting Plaintiff leave to proceed *in forma pauperis* and requiring Plaintiff to pay an initial partial filing fee (ECF No. 5), deny Plaintiff's motion to waive the initial filing fee (ECF No. 7), and deny Plaintiff leave to proceed *in forma pauperis* (ECF No. 2). Additionally, the Court will grant Plaintiff's motion to for leave to file a supplemental complaint, (ECF No. 15), and the Court will deny Plaintiff's motion for a preliminary injunction and temporary restraining order (ECF No. 16) and motion for immediate consideration (ECF No. 17) as moot. Further, the Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:    August 7, 2026                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge

---

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.